UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Darren McLehan

    Plaintiff,

v.                                        Case No. 08-12565

                                             Honorable Sean F. Cox

Mortgage Electronic Registration System,
*et al.*,

    Defendants.
_____/

**OPINION & ORDER
GRANTING DEFENDANTS' MOTION TO DISMISS**

This matter is currently before the Court on Defendants' Motion to Dismiss. The Court concludes that oral argument would not significantly aid the decisional process. *See* Local Rule 7.1(e)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the motion will be decided upon the briefs. For the reasons that follow, Defendants' unopposed Motion to Dismiss shall be GRANTED.

BACKGROUND

A.    Factual Background:

This case involves a mortgage foreclosure sale of property located at 9480 Silverside in South Lyon, Michigan ("the Property"). On May 5, 2006, Plaintiff Darren McLehan ("Plaintiff") executed a mortgage to MERS, which was later assigned to Deutsche Bank National Trust, as Trustee for First Franklin Mortgage. (Exs. A & B to Defs.'s Motion). After Plaintiff defaulted on the mortgage, a foreclosure by advertisement occurred on October 17, 2007. (Ex. C to Defs.' Motion).

On June 17, 2008, Plaintiff filed this action.

On or about July 23, 2008, Deutsche Bank National Trust filed a summary proceeding action for possession of the Property, contending that Plaintiff was wrongfully holding over after the expiration of the redemption period. On August 8, 2008, Deutsche Bank National Trust was awarded possession of the subject property in state court. (Ex. D to Defs.' Br.)

B.  Procedural Background:

Acting *pro se*, on June 17, 2008, Plaintiff filed this action against: MERS, Deutsche Bank Nation Trust, First Franklin Mortgage, and America's Service Company. Plaintiff's complaint alleges that this Court has federal question jurisdiction over this action under 28 U.S.C. § 1331.

On November 20, 2008, Defendant First Franklin Mortgage was dismissed from this action after Plaintiff failed to effect timely service. (Docket Entry No. 7).

On December 18, 2008, the remaining Defendants, MERS, Deutsche Bank Nation Trust and American Servicing Company, ("Defendants") filed the instant Motion to Dismiss. (Docket Entry No. 8).

Pursuant to Rule 7.1(b) of the Local Rules for the United States District Court for the Eastern District of Michigan, a "respondent opposing a motion must file a response, including a brief and supporting documents then available." Rule 7.1(d) further provides that a response to a dispositive motion must be filed within 21 days after service of the motion. Thus, if Plaintiff opposed Defendants' pending Motion to Dismiss, Plaintiff was required to file a brief in opposition to same within 21 days of service of the motion. Although the time permitted under Local Rule 7.1 for filing a response to the pending motions passed, no brief in opposition to the motion was filed by Plaintiff. Because Plaintiff is proceeding *pro se*, on March 13, 2009, this Court issued an Order to Show Cause requiring Plaintiff to show cause, in writing, no later than March 24, 2009, why Defendants' unopposed Motion to Dismiss should not be granted and why

the claims against Defendants should not be dismissed pursuant to FED. R. CIV. P. 41 for failure to prosecute. Plaintiff failed to respond to that order.

This Court then issued an order requiring the parties to appear for a Mandatory Status Conference in this matter at 2:45 p.m. on April 23, 2009. Plaintiff appeared for that conference on April 23, 2009, and stated that he was not able to file a response to Defendant's pending motion due to personal issues.

This Court then issued an Order on April 23, 2009, requiring Plaintiff to file a written response to the motion, and a witness list, no later than 4:00 p.m. on May 1, 2009. (Docket Entry No. 14). On April 23, 2009, Plaintiff filed a "Response to Order to Show Cause" and a witness list. Plaintiff's response, however, fails to respond to any of grounds for relief set forth in Defendants' Motion to Dismiss.

## ANALYSIS

In their motion, Defendants claim that this lawsuit is a transparent attempt by Plaintiff to delay his eviction from property that was properly foreclosed upon after he defaulted on his mortgage. Defendants assert that Plaintiff's complaint "consists of a series of baseless, imprecise and amorphous allegations" against Defendants that it is nearly impossible to "cull any specific claims from the Complaint." (Defs.' Br. at 5). They seek dismissal under FED. R. CIV. P. 8 and 12(b)(6).

The Court agrees that Plaintiff's complaint, even when liberally construed, fails to state a cognizable claim against Defendants.

The gravamen of Plaintiff's complaint appears to be a RICO[1] claim based on the "vapor

---

[1] The Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1964.

money theory."[2] The vapor money theory, however, and "similar arguments have been rejected by federal courts across the country." *Demmler v. Bank One, NA*, 2006 WL 640499 at * 4 (S.D. Ohio 2006); *see also Carrington v. Federal National Mortgage Assoc.*, 2005 WL 3216226 (E.D. Mich. 2005) (plaintiff's theory "is patently meritless and has been universally rejected by numerous federal courts."); *The Frances Kenny Family Trust v. World Savings Bank FSB*, 2005 WL 106792 (N.D. Cal. 2005) (plaintiff's vapor money theory "has no basis in law" and has been "squarely addressed and rejected by various courts throughout the country."); *Roper v. Mortgage Electronic Registration Sys.*, 2007 WL 3244754 (E.D. Mich. 2007).  Thus, Plaintiff's complaint based on the vapor money theory fails to state a cognizable claim against Defendants.[3]

## CONCLUSION & ORDER

For the reasons above, IT IS ORDERED that Defendants' Motion to Dismiss is GRANTED and Plaintiff's complaint is hereby DISMISSED.

IT IS SO ORDERED.

S/ Sean F. Cox
Sean F. Cox
United States District Judge

Date:  June 2, 2009

---

[2] Plaintiff's RICO claim also appears to be the only federal claim asserted.

[3] The Court notes that Plaintiff's complaint also contains brief references to "fraud," but agrees with Defendants that the complaint does not allege the essential elements of a fraud claim. Moreover, because this Court is dismissing the only federal claim in this action, the Court would decline to exercise supplemental jurisdiction over any remaining state law claims even if they had been adequately pled.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Darren McLehan

    Plaintiff,

v.                                                                                  Case No. 08-12565

                                                                                             Honorable Sean F. Cox

Mortgage Electronic Registration System,
*et al.*,

    Defendants.

_____/

**PROOF OF SERVICE**

       I hereby certify that on June 2, 2009, a copy of the foregoing document was served upon counsel of record by electronic means and by First Class Mail upon:

Darren McLehan
5951 University
Detroit, MI 48224

                                                         S/ Jennifer Hernandez
                                                         Case Manager