UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Darren McLehan

    Plaintiff,
v.                                                Case No. 08-12565

                                                     Honorable Sean F. Cox

Mortgage Electronic Registration System,
*et al.*,

    Defendants.
_____/

## ORDER DENYING
## PLAINTIFF'S MOTION FOR RELIEF FROM OPINION & ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

Acting *pro se*, on June 17, 2008, Plaintiff filed this action against: MERS, Deutsche Bank Nation Trust, First Franklin Mortgage, and America's Service Company.

On November 20, 2008, Defendant First Franklin Mortgage was dismissed from this action after Plaintiff failed to effect timely service. (Docket Entry No. 7).

On December 18, 2008, the remaining Defendants, MERS, Deutsche Bank Nation Trust and American Servicing Company, ("Defendants") filed a Motion to Dismiss. (Docket Entry No. 8).

Pursuant to Rule 7.1 of the Local Rules for the United States District Court for the Eastern District of Michigan, if Plaintiff opposed Defendants' Motion to Dismiss, Plaintiff was required to file a brief in opposition to same within 21 days of service of the motion. Plaintiff did not file any response within the permitted time period.

Nevertheless, in light of Plaintiff's *pro se* status, on March 13, 2009, this Court issued an Order to Show Cause requiring Plaintiff to show cause, in writing, no later than March 24, 2009,

why Defendants' unopposed Motion to Dismiss should not be granted and why the claims against Defendants should not be dismissed pursuant to FED. R. CIV. P. 41 for failure to prosecute.  Plaintiff failed to respond to that order.

This Court then issued an order requiring the parties to appear for a Mandatory Status Conference in this matter at 2:45 p.m. on April 23, 2009.  Plaintiff appeared for that conference on April 23, 2009, and stated that he had not able to file a response to Defendant's pending motion due to personal issues (i.e., his wife's medical condition).  This Court advised Plaintiff that he must file his response no later than May 1, 2009 and that no further extensions would be provided.  This Court then issued a written Order on April 23, 2009, requiring Plaintiff to file a written response to the motion, and a witness list, no later than 4:00 p.m. on May 1, 2009.  (Docket Entry No. 14).  On April 23, 2009, Plaintiff filed a "Response to Order to Show Cause" and a witness list.  Plaintiff's response, however, failed to respond to any of the substantive grounds for relief set forth in Defendants' Motion to Dismiss.

This Court analyzed the substantive grounds for relief in Defendants' Motion to Dismiss and granted the motion in an Opinion & Order dated June 2, 2009.  A Judgment was issued on that same date.

On July 8, 2009, Plaintiff filed the instant "Motion for Relief from Opinion & Order Granting Defendants' Motion to Dismiss," wherein he again states that he was unable to file a response to Defendants' Motion to Dismiss due to his wife's medical condition.  Plaintiff relies on his *pro se* status and asks this Court to "provide relief from the Opinion and Order Granting Defendant's Motion to Dismiss by allowing him to file a late answer" to Defendants' Motion to Dismiss.

Even a *pro se* litigant, however, is required to follow basic procedural rules. "[A]

willfully unrepresented plaintiff volitionally assumes the risk and accepts the hazards which accompany self-representation." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000)(citing *McNeil v. United States*, 508 U.S. 106 (1993)(wherein the Supreme Court commented that "we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.")). "[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991).

This Court has already given Plaintiff considerable latitude as a *pro se* litigant by granting multiple extensions for filing a response to Defendants' December 18, 2008 Motion to Dismiss. The Court has already ruled on the motion at issue and no further extensions would be warranted in any event.

Accordingly, IT IS ORDERED that "Plaintiff's Motion for Relief from Opinion & Order Granting Defendants' Motion to Dismiss" is DENIED.

IT IS SO ORDERED.

             S/ Sean F. Cox
             Sean F. Cox
             United States District Judge

Date: August 4, 2009

I hereby certify that on August 4, 2009, a copy of the foregoing document was served upon counsel of record by electronic means and by First Class Mail upon:

Darren McLehan
5951 University
Detroit, MI 48224

             S/ Jennifer Hernandez
             Case Manager